IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIOTT BUCKNER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-16-163 |
| | : | |
| LSCI-ALLENWOOD WARDEN, ET AL., | : | (Judge Conaboy) |
| | : | |
| Defendants | : | |

_____

**MEMORANDUM**
**Background**

Elliott Buckner, an inmate presently confined at the Elkton Federal Correctional Institution, Lisbon, Ohio (FCI-Elkton) filed this <u>Bivens</u>[1]-type <u>pro se</u> civil rights action.[2] Plaintiff has also submitted an <u>in forma pauperis</u> application which will be granted for the sole purpose of the filing of this action with this Court.

Named as Defendants are the Warden and Medical Department at his prior place of confinement, the Allenwood Low Security

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

[2] There is no indication that Plaintiff exhausted an an administrative tort claim with the BOP. Thus, there is no basis for a determination that he is seeking relief under the Federal Tort Claims Act.

1

Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood).  Buckner is also proceeding against the Warden and Medical department at the Federal Prison Camp, Terre Haute, Indianan (FPC-Terre Haute).

Plaintiff, who acknowledges that he is not a resident of the Commonwealth of Pennsylvania, states that he entered the custody of the Federal Bureau of Prisons (BOP) on July 9, 2009 with a pre-existing injury, a bullet lodged in his neck from a 2002 shooting.  See Doc. 1, ¶ 14.  While previously incarcerated at LSCI-Allenwood in September, 2009, Plaintiff allegedly developed a staph/MRSA infection under his arms and buttocks.  The infection was unsuccessfully trearted with antibiotics by the prison's medical staff in October, 2009.  See id. at ¶ 18.  The infection allegedly moved to the site of his aforementioned neck injury in January, 2010 which resulted in the development of a cyst.

During mid February 2011, Plaintiff's cyst was evaluated by a specialist who recommended that a "fistulagram" be performed.  Id.  However, Plaintiff contends that the procedure could not be performed as scheduled because delay had caused the formation of another cyst.  Buckner acknowledges that he was transferred from LSCI-Allenwood to FPC-Terre Haute in September, 2011.  See id.

The remaining portion of the Complaint asserts claims against the FPC-Terre Haute medical staff, Specifically, it is

2

asserted that those officials provided inadequate treatment for the MRS/staph infection. This alleged deliberate indifference included failure to provide antibiotics or the previously prescribed fistulagram. It is also alleged that while at FPC-Terre Haute Plaintiff experienced loss of hearing and required a splint for his left hand.

Plaintiff concludes that the Defendants' actions at both correctional facilities constituted deliberate indifference to a serious medical need; negligence; and malpractice.[3]

## **Discussion**

### **Standard of Review**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting

---

[3] The Complaint includes pendent state law negligence claims. See Doc. 1, p. 2, ¶ 10.

Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**FPC-Terre Haute Defendants**

The Complaint appears to seek monetary damages against the Defendants in their individual capacities. In Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980), the Court of Appeals for the Third Circuit recognized that under Stafford v. Briggs, 444 U.S. 527 (1980), the provisions of 28 U.S.C. § 1391(e)[4] are inapplicable to claims for monetary damages against federal officials when the individual officeholder may be found personally liable.[5] See also Robinson v. Weiss, Civ. A. 99-3964, 2000 WL 231905 *2-3 (E.D. Pa. Feb. 18, 2000)(venue

---

[4] § 1391(e) provides in relevant part:
A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

[5] The Court of Appeals in Micklus explained that if § 1391(e) could be employed in actions for money damages against federal officials individually, such defendants "solely by reason of their government service" would be placed "in a very different posture in personal damage suits from that of all other persons." Id. at 491.

4

provisions of § 1391(e) do not apply to actions for money damages against federal officials in their personal capacities).

The pertinent statutory provision concerning the proper federal court in which a Bivens lawsuit may be brought, 28 U.S.C. § 1391(b), provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may be otherwise brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Neither Plaintiff nor the FPC-Terre Haute officials named as Defendants in the Complaint reside within the Commonwealth of Pennsylvania. Consequently, the filing of the claims against the FPC-Terre Haute Defendants in this Court are not based upon diversity of citizenship jurisdiction. There is nothing to indicate that the FPC-Terre Haute Defendants purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania as contemplated under 28 U.S.C. § 1391(b)(3). Moreover, none of the events giving rise to Plaintiffs' claims against those Defendants occurred in the

Middle District of Pennsylvania.

There are no also facts asserted from which it can be inferred that those FPC Terre Haute Defendants are subject to personal jurisdiction in Pennsylvania. As explained in Trujillo v. Williams, 465 F.3d 1210, 1217-18 (10th Cir. 2006):

> The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exists minimum contacts between the defendant and the forum State.'" The minimum contacts necessary for specific personal jurisdiction may ne established where the "defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."

There is nothing to indicate that any of the FPC-Terre Haute Defendants purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania. There is also no suggestion that Plaintiff's claims are based upon activities that arise out of or are related to those Defendants' contacts with Pennsylvania.

Since Plaintiff's pending action seeks compensatory damages against the individual Defendants in their individual capacities, under the requirements of § 1391(b), Plaintiff cannot maintain an action against those officials in this Court. See Greer v. Safeway, No. 09-4007, 2009 WL 754769 (10th Cir. March 24, 2009) (affirming sua sponte dismissal of in forma pauperis action where it was clear that defendants were not subject to personal jurisdiction in Utah); Trujillo, 465 F.3d at

6

1217 (affirming authority of court to dismiss action where absence of personal jurisdiction is obvious).

Consequently, venue does not lie in this Court with respect to the claims against the FPC-Terre Haute Defendants.

**Statute of Limitations**

With respect to the LSCI-Allenwood related claims and Defendants, in reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The United States Supreme Court clarified its decision in Wilson when it held that courts "should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989). It has also been held that "state statutes of limitations should be borrowed for suits under Bivens." Roman v. Townsend, 48 F.Supp.2d 100, 104 (D. Puerto Rico 1999).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). Furthermore, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis" of his civil rights claim. Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.

7

1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.

In his complaint, Plaintiff clearly alleges that he was confined at LSCI-Allenwood from September, 2009 until September, 2011. Buckner's pending Complaint is dated January 7, 2016, and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court). Plaintiff makes a vague contention that this action is timely commenced and no statute of limitations applies.[6] However, his wholly conclusory and unsupported argument clearly lacks merit since for the reasons discussed above, this matter is subject to a statute of limitations.

It is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time they occurred during his LSCI-Allenwood confinement, yet he failed to initiate this action within the following two (2) years but rather waited over four (4) years before seeking relief.

---

[6] See Doc. 1, p. 3, ¶ 12.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired. See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to sua sponte dismiss a complaint which facially violates a bar to suit); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.). Consequently, the present complaint, which seeks relief against the LSCI-Allenwood Defendants regarding actions which were allegedly taken between 2009-2011, is clearly barred by Pennsylvania's controlling statute of limitations.

**Personal Involvement**

It also appears that Buckner is attempting to establish liability against the LSCI-Allenwood and FPC-Terre haute Wardens based upon either their respective supervisory positions within the BOP or their handling of his administrative grievances and appeals.

A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Gay v. Petsock, 917

9

F.2d 768, 771 (3d Cir. 1990). This is the personal involvement requirement. Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir.

10

2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

A review of the Complaint shows that Plaintiff is attempting to establish liability against the Defendant Wardens based solely upon either their respective supervisory capacities or their handling of Buckner's administrative appeals and grievances. Accordingly, entry of dismissal in favor of the Wardens on that basis is also appropriate.

**Medical Departments**

Also named as Defendants are the LSCI-Allenwood and FPC-Terre Haute Medical Departments.

A prison or correctional facility is not a person for the purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.). The Court of Appeals in Fischer also recognized that a prison's medical department may not be sued in a civil rights action since it is not a person. See Fischer 474 F.2d at 992; see also Stanley v. Delaware Co. Medical Dept., 1991 WL 29928 *1 (E.D. Pa. Feb. 27, 1991)(prison medical department

11

clearly not a person for purposes of § 1983).

Based upon an application of the above standards, the LSCI-Allenwood and FPC-Terre Haute Medical Departments are not persons amenable to suit in a federal civil rights action. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

**State Law Claims**

The Complaint also asserts that Plaintiff wishes to pursue state law negligence and malpractice claims.  Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976).  Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim.  Id. (citing

Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).  However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so."  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue.

**Conclusion**

Since Buckner's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge


DATED:   APRIL 11, 2016

13